IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MILLER, | No. CIV S-06-1437-GEB-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| HIGH DESERT STATE PRISON, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1), filed on June 28, 2006.[1]

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

---

[1] Plaintiff did not resolve the fee status for this case until November 27, 2006.

1

from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

Plaintiff names in the caption of his complaint the following defendants: High Desert State Prison and the California Department of Corrections and Rehabilitation.[2]  In his statement of claim, plaintiff alleges:

> On 6-23-06 I was giving [sic] an inmate trust account print out stating I owe $2,200.00 restitution.  They also took $6.40 for a refund check of $16 dollars for a magazine fee "blender."That I sent out 11-10-05 of $16.00 plus $1.60 I.W.F. tax to C-D-C for state prison Corcoran check #300035853 stateing [sic] the check is being returned due to you already sent "Blender" magazine the fee required of $15.95 plus $1.60 to I.W.F. for state prison on 10-24-05 check #300035575 but due to racial discrimination P.C. 13519.4-C-1 of prisoner's poor & needy out of the minority of low income society city's [sic] in California.  The guards C-D-C prison system is dueling [sic] major misconduct by tax fraud charging inmates 44% percent tax plus I.W.F. prison tax for any purchases.

---

[2] In section III of the form complaint – entitled "Defendants" – plaintiff appears to list the defendants to his two other pending cases rather than the specific defendants to this action.

Plaintiff requests that a "citizen's complaint . . . be filed due to tax fraud over charging."

## II.  DISCUSSION

Plaintiff's complaint suffers from a number of defects.  Among these are the following: (1) the complaint names the High Desert State Prison and the California Department of Corrections, both of which are immune from suit; (2) the complaint does not allege any link between a constitutional violation and a named defendant; (3) the complaint does not state a cognizable claim under § 1983; (4) the complaint seeks relief which this court cannot give.

Pursuant to its obligation to pro se litigants, the court provides plaintiff with the following basic rules of law governing the defects identified above.

1.  Immune Defendants

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.[3]  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

This defect cannot be cured.  Plaintiff is encouraged not to name these defendants in any amended complaint.

2.  Causal Link

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

---

[3] A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, plaintiff's complaint vaguely refers to "guards" and "they," but does not make reference to any individuals alleged to be liable.  Because it is possible that plaintiff can clarify his claims by naming specific individuals, plaintiff will be granted leave to amend.

       3.      No Cognizable Claim Stated

Based just on the allegations before the court, it appears that plaintiff is attempting to raise either a due process claim based on his assertion that money was improperly withheld from his trust account or an equal protection claim based on racial discrimination, or both.

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought.  See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972).  Due process protects against the deprivation of property where there is a legitimate claim of entitlement to the property.  See Bd. of Regents, 408 U.S. at 577.  Protected property interests are created, and their dimensions are defined, by existing rules that stem from an independent source – such as state law – and which secure certain benefits and support claims of entitlement to those benefits.  See id.

///

1         Liberty interests can arise both from the Constitution and from state law.  See
2  Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976);
3  Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993).  In determining whether the Constitution
4  itself protects a liberty interest, the court should consider whether the practice in question ". . . is
5  within the normal limits or range of custody which the conviction has authorized the State to
6  impose."  Wolff, 418 U.S. at 557-58; Smith, 994 F.2d at 1405.  Applying this standard, the
7  Supreme Court has concluded that the Constitution itself provides no liberty interest in good-
8  time credits, see Wolff, 418 U.S. at 557; in remaining in the general population, see Sandin v.
9  Conner, 515 U.S. 472, 485-86 (1995); in not losing privileges, see Baxter v. Palmigiano, 425
10 U.S. 308, 323 (1976); in staying at a particular institution, see Meachum, 427 U.S. at 225-27; or
11 in remaining in a prison in a particular state, see Olim v. Wakinekona, 461 U.S. 238, 245-47
12 (1983).
13        In determining whether state law confers a liberty interest, the Supreme Court has
14 adopted an approach in which the existence of a liberty interest is determined by focusing on the
15 nature of the deprivation.  See Sandin v. Connor, 515 U.S. 472, 481-84 (1995).  In doing so, the
16 Court has held that state law creates a liberty interest deserving of protection only where the
17 deprivation in question: (1) restrains the inmate's freedom in a manner not expected from the
18 sentence; and (2) "imposes atypical and significant hardship on the inmate in relation to the
19 ordinary incidents of prison life."  Id. at 483-84.
20        As to any due process claim, plaintiff has not clearly alleged the existence of a
21 property interest.  Plaintiff must more clearly explain the facts surrounding the alleged
22 deprivation.  In particular, a copy of the trust account statement in question would be helpful.
23        Equal protection claims arise when a charge is made that similarly situated
24 individuals are treated differently without a rational relationship to a legitimate state purpose.
25 See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  Prisoners are protected from
26 invidious discrimination based on race.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline. See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam). Prisoners are also protected from intentional discrimination on the basis of their religion. See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

With respect to an equal protection claim, the complaint does not allege any intentional conduct or the lack of a legitimate penological interest. Plaintiff will be given the opportunity to amend the complaint.

    4.    Relief Sought

Finally, plaintiff asks that a "citizen's complaint" be filed. The decision whether to prosecute rests solely within the discretion of the appropriate prosecuting agency, and not with this court. Plaintiff will be given an opportunity to amend the complaint to seek relief this court can grant, such as money damages.

### III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original

complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because some of the defects identified in this order cannot be cured by amendment, plaintiff is not entitled to leave to amend as to such defects.  Specifically, the currently named defendants are immune and this defect cannot be cured.  Plaintiff, therefore, now has the following choices: (1) plaintiff may file an amended complaint which does not named immune defendants; or (2) plaintiff may file an amended complaint which continues to name immune defendants, in which case the court will issue findings and recommendations that such defendants be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint, filed on June 28, 2006, is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

DATED: January 18, 2007.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE