IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MILLER, | No. CIV S-06-1437-GEB-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| HIGH DESERT STATE PRISON, et al., | |
| Defendants. | |
| _____/ | |

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's first amended complaint (Doc. 15).

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

1  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,
2  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are
3  satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds
4  upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff
5  must allege with at least some degree of particularity overt acts by specific defendants which
6  support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it
7  is impossible for the court to conduct the screening required by law when the allegations are
8  vague and conclusory.

Plaintiff names in the caption of his complaint the following defendants: High Desert State Prison and the California Department of Corrections and Rehabilitation.[1]  In his statement of claim, plaintiff alleges:

> On 6-23-06 I was giving [sic] an inmate trust account print out stating I owe $2,200.00 restitution.  They also took $6.40 for a refund check of $16 dollars for a magazine fee "blender." That I sent out 11-10-05 of $16.00 plus $1.60 I.W.F. tax to C-D-C for state prison Corcoran check #300035853 stateing [sic] the check is being returned due to you already sent "Blender" magazine the fee required of $15.95 plus $1.60 to I.W.F. for state prison on 10-24-05 check #300035575 but due to racial discrimination P.C. 13519.4-C-1 of prisoner's poor & needy out of the minority of low income society city's [sic] in California.  The guards C-D-C prison system is dueling [sic] major misconduct by tax fraud charging inmates 44% percent tax plus I.W.F. prison tax for any purchases.

These are the same substantive allegations as set forth in the original complaint.

As with the original complaint, plaintiff's first amended complaint suffers from a number of defects.  Chief among these is that the only two defendants named – High Desert State Prison and the California Department of Corrections – are state agencies which are immune from suit.  Plaintiff was advised of this defect when the court dismissed the original complaint

---

[1] In section III of the form complaint – entitled "Defendants" – plaintiff appears to list the defendants to his two other pending cases rather than the specific defendants to this action.

1 with leave to amend.  Specifically, the court noted that this defect cannot be cured and
2 encouraged plaintiff not to name these defendants in any amended complaint.  Notwithstanding
3 this advice, the defect persists in the amended complaint.

4 Because it is not possible that this deficiency can be cured by amending the
5 complaint, plaintiff is not entitled to further leave to amend prior to dismissal of the entire action.
6 See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

7 Based on the foregoing, the undersigned recommends that this action be
8 dismissed.

9 These findings and recommendations are submitted to the United States District
10 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
11 after being served with these findings and recommendations, any party may file written
12 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
13 Findings and Recommendations."  Failure to file objections within the specified time may waive
14 the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16 DATED:  May 24, 2007.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE